IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| THEODORE HAUGLAND, | Case No. 26-cv-00341-DKW-WRP |
| Plaintiff, | **ORDER GRANTING** |
| vs. | **APPLICATION TO PROCEED** |
| | **WITHOUT PREPAYMENT OF** |
| ALPHABET INC., *et al.*, | **FEES OR COSTS**[1] |
| Defendants. | |

On July 2, 2026, *pro se* Plaintiff Theodore Haugland filed a Complaint against Alphabet Inc. and Google LLC. Dkt. No. 1. On July 9, 2026, Haugland filed an Amended Complaint, asserting unlawful reciprocal dealing and monopolization claims under the Sherman Act and unjust enrichment claims under Hawai'i law. Dkt. No. 9. Haugland has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. For the reasons that follow, the IFP Application is GRANTED.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont*

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

*de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Haugland has made the required showing under Section 1915(a).  In the IFP Application, Haugland states that he is unemployed and receives $2,507 per month in Social Security disability benefits.  Dkt. No. 3 at 1.  His only other asset is a combined $227.91 in his bank accounts.  Dkt. No. 3-1 at 2–3.  Haugland claims to pay $2,216 per month in rent and electricity[2] and has outstanding debts of $8,800.  Dkt. No. 3 at 2.  Finally, Haugland claims his two minor daughters as dependents.  *Id*.

In light of these figures, Haugland's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2026 Poverty Guidelines,[3] and he has insufficient income and/or assets to pay the filing fee.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In addition, Haugland has insufficient assets to provide security.  As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

To facilitate service[4], the Court ORDERS as follows:

---

[2]In his affidavit, but not on his IFP Application, Haugland further claims to pay approximately $95 per month in phone bills.  *See* Dkt. No. 3-1 at 3.

[3]HHS Poverty Guidelines, available at:
https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf.

[4]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Amended Complaint, Dkt. No. 9; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.  The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Haugland choose to use the U.S. Marshal to serve the summons and Amended Complaint, he shall complete the forms as directed and then submit the following documents to the U.S. Marshal in Honolulu, Hawai'i for each Defendant: a completed USM-285 form; a copy of the Amended Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Amended Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2)

---

from such relief." 28 U.S.C. § 1915(e)(2)(B).  At this initial stage of the proceedings, without any responsive pleading from Defendants, and while acknowledging that there may be defenses, affirmative or otherwise, to the claims alleged in the Amended Complaint, the Court finds service of the same to be appropriate.

completed Waiver of Service of Summons forms (AO 399), as directed and specified by Haugland without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Amended Complaint. The U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If any Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve that Defendant, pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Amended Complaint and for preparing new USM285 forms, if required. Costs of personal service will be taxed against that Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Haugland does not wish to use the U.S. Marshal for service, he may serve any Defendant on his own, in compliance with Fed.R.Civ.P. 4.

7. Haugland is cautioned that, if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Amended Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Haugland must serve on Defendants or their counsel a copy of all further documents he submits to the Court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.  In addition, Haugland shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Haugland is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi in pursuing this action.

IT IS SO ORDERED.

DATED: August 11, 2026 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
Chief United States District Judge

---

Theodore Haugland v. Alphabet, Inc. *et al*; Civil No. 26-00341 DKW-WRP;
**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**