IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THEODORE HAUGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHABET INC., GOOGLE LLC,<br><br>Defendants. | CIV. NO. 26-00341 DKW-WRP<br><br><br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE

On July 2, 2026, Plaintiff Theodore Haugland (Plaintiff), proceeding without counsel, filed a Complaint against various Defendants. See Complaint, ECF No. 1. On August 11, 2026, Chief District Judge Derrick K. Watson granted Plaintiff's Application to Proceed without Prepayment of Costs (Order). See Order Granting Application to Proceed without Prepayment of Fees or Costs, ECF No. 12. In this Order, the Court directed service of the Complaint and provided Plaintiff with detailed instructions to ensure proper service of the Complaint. See id. at 2-5. On August 12, 2026, this Court directed Plaintiff to file a status report regarding his compliance with these instructions. See Court's Minute Order Dated August 12, 2026, ECF No. 17. Plaintiff was instructed to file this status report no later than September 11, 2026.

As of September 16, 2026, Plaintiff had not filed the required status report, and therefore this Court entered a Minute Order noting that the status report was overdue. See Court's Minute Order Dated September 16, 2026, ECF No. 18. The Court also issued an Order to Show Cause (OSC). See id. Plaintiff was required to file a response to this OSC no later than September 30, 2026, and was required to show cause why the Complaint should not be dismissed for failure to comply with this Court's instructions. See id.

Plaintiff failed to respond to the OSC and did not file any further documents in this case.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. (citing Ferdik, 963 F.2d at 1260-61). Here, after careful consideration of each factor, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

First, this case cannot proceed without service of the Defendants, and

Plaintiff has disregarded the Court's instructions to cooperate with the Court to ensure proper service of the Complaint. Consequently, Plaintiff's failure to serve Defendants prevents the resolution of this case on the merits and hinders the public's interest in the expeditious resolution of litigation. This factor therefore favors dismissal. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").

Second, Plaintiff's failure to comply with this Court's orders impedes the Court's ability to manage its docket. Put simply, the Court cannot properly manage its docket where litigants such as Plaintiff fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, Plaintiff's failure to serve Defendants or respond to the Court's inquiry regarding service in a timely manner risks prejudice to Defendants. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." See Pagtalunan, 291 F.3d at 643 (citation omitted). Despite the Court's explicit instructions, Plaintiff has not requested an extension of time to file the required status report or respond to the Court's show cause order, or provide any excuse or rationale for his failure to do so. This factor weighs in favor of dismissal.

Fourth, the Court has already provided Plaintiff with less drastic

alternatives to no avail. The Court instructed Plaintiff to file a status report detailing his efforts to comply with the Court's instructions. Most recently, the Court gave Plaintiff an opportunity to explain why the Complaint should not be dismissed in light of his failure to comply with the Court's instructions. Consequently, this factor also favors dismissal.

Fifth and finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal. See Pagtalunan, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's orders and to prosecute this case. See Ferdik, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987) (where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); see also Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 16, 2026.

Wes Reber Porter
United States Magistrate Judge